IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY MITCHELL, #466864, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-02318-JPG |
| | ) |
| ST. CLAIR COUNTY COURTHOUSE, | ) |
| ST. CLAIR COUNTY CLERK'S OFFICE, | ) |
| and MARIE ZAIZ, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Jeremy Mitchell, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Shawnee Correctional Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983 against St. Clair County's Courthouse, Clerk's Office, and Clerk. In the Complaint, Plaintiff claims that the defendants interfered with his ability to appear and file an answer in St. Clair County Case Nos. 21-FA-0036 (seizure case) and 21-MR-0141 (forfeiture case) and thereby delayed his cases. (Doc. 1, pp. 1-47). He seeks money damages and injunctive relief, in the form of an order terminating the Clerk's employment and enforcing his "right to be heard" in the St. Clair County cases. (*Id*. at 8).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, p. 5): Plaintiff received a Notice of Seizure and Intent to Forfeit $7,360.00 and two 1894 gold coins, after he was arrested and detained at St. Clair County Jail on May 25, 2021. Clerk Zaiz would not accept his answer in St. Clair County Case Nos. 21-FA-0036 (seizure case) or 21-MR-0141 (forfeiture case) without payment of an "answer filing fee." However, the clerk also refused to tell Plaintiff the amount of the fee. Plaintiff was scheduled to appear at a Zoom teleconference on June 1, 2021. Although he informed jail officials about the hearing in his St. Clair County cases, they made no effort to ensure his appearance. On June 10, 2021, a judge signed an Order Finding Probable Cause That Property May Be Subject to Forfeiture based on his failure to appear at the hearing. (*Id*. at 5, 9). Plaintiff complains that the defendants' misconduct "'prolonged' his case and his right to be heard." (*Id*.).

## Discussion

Based on the allegations, the Court designates two claims in this *pro se* Complaint:

**Count 1:**   Defendant Clerk Zaiz interfered with Plaintiff's access to the courts by refusing to accept his answer in St. Clair County Case Nos. 21-FA-0036 and 21-MR-0141 without a filing fee and also refusing to disclose the amount of the fee, in violation of his rights under the Fourth, Eighth, and/or Fourteenth Amendment(s).

**Count 2:**   Defendants interfered with Plaintiff's access to the courts when they failed to facilitate his appearance at a Zoom teleconference in St. Clair County Case Nos. 21-FA-0036 and 21-MR-0141 on or around June 1, 2021 and delayed both cases, in violation of his rights under the Fourth, Eighth, and/or Fourteenth Amendment(s).

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations stemming from interference with his access to the courts in St. Clair County Case Nos. 21-FA-0036 (seizure case) and 21-MR-0141 (forfeiture case). Detainees and convicted prisoners, alike, possess a fundamental right of "meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977); *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993). When presented with a claim for denial of court access, the district court employs a two-part test. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, a plaintiff must show that each defendant failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (quoting *Bounds*, 430 U.S. at 828). Second, the plaintiff must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994).

**Count 1**

As for the first component of this claim against the clerk, Plaintiff asserts that Clerk Zaiz would not file his answer without the appropriate filing fee but also withheld information about the amount of the fee he was required to pay. It is not at all clear whether Clerk Zaiz unlawfully interfered with Plaintiff's court access when she demanded payment of the fee, in the correct amount, at the time of accepting the answer. It is also unclear whether she withheld information about the filing fee that was otherwise unavailable. Plaintiff's allegations are threadbare.

As for the second component of this claim, Plaintiff must describe some detriment in support of his claim for denial of court access. Plaintiff alleges that he suffered a violation of his "right to be heard" which "prolonged" proceedings. (*Id*. at 5). In other words, he describes a delay

3

in his seizure and forfeiture cases. Although "[a] delay or interruption in pending or contemplated litigation may indicate a deprivation of constitutional dimensions," a plaintiff must show prejudice. *Kinkaid v. Vail*, 969 F.2d 594 (7th Cir. 1992). Plaintiff has identified no prejudice caused by the Clerk's conduct, such as the actual forfeiture of his property. Even at this early stage in litigation, Plaintiff must allege prejudice that resulted from the interference with his court access.

Even if Plaintiff alleges prejudice, however, the clerk may be entitled to absolute immunity. This case is similar to *Kinkaid v. Vail*, 969 F.2d 594 (7th Cir. 1992), a § 1983 suit brought by a group of inmates against state court clerks who returned their complaints unfiled. The clerks did so, first, because the wrong filing fee was paid, and, second, because the complaints belonged in small claims court. *Id*. The Court ultimately found that the clerks were entitled to absolute immunity from suit and dismissed the case against them. *Id*.

Whether Plaintiff can set forth sufficient allegations to support a claim at screening or overcome the immunity hurdle remains to be seen. As pleaded, he has not done so in the Complaint. Accordingly, Count 1 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 2**

Plaintiff also brings a claim against the St. Clair County Courthouse, Clerk's Office, and Clerk Zaiz for interfering with his "right to be heard" at the teleconference on June 1, 2021. However, this claim is directed at the wrong parties. According to § 1983, "[e]very ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. 42 U.S.C. § 1983 (emphasis added). The St. Clair County Courthouse and Clerk's Office are not considered "person[s]" subject to suit under § 1983. The Courthouse is a building. The "Clerk's Office"

4

represents a group of persons at best, not an individual person.  Finally, Clerk Zaiz, though clearly a "person," is not identified in connection with any decision to keep Plaintiff from attending his Zoom teleconference on June 1, 2021.  By all indications, this was the work of "jail officials." (Doc. 1, p. 5) (stating "I made jail officials aware of zoom call for my property & my moms (sic). Jail officials told me well (sic) get to you Mitchell. Well[,] they never go to me.").  As with all claims brought pursuant to § 1983, Plaintiff is required to demonstrate that each defendant was personally involved in or responsible for a violation of his constitutional rights. Plaintiff has not shown that Clerk Zaiz had any involvement in Plaintiff's failure to appear at the hearing.  By every indication, "jail officials" were responsible for his non-appearance, not the courthouse, clerk's office, or clerk.  Accordingly, Count 2 shall also be dismissed for failure to state a claim for relief against the defendants.

## Injunctive Relief

Plaintiff's request for injunctive relief shall be **DENIED**.  He has articulated no viable claim in his Complaint.  Having failed to do so, his related requests for injunctive relief shall be denied.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  **COUNT 1** against **MARIE ZAIZ** and **COUNT 2** against **ALL DEFENDANTS** are **DISMISSED** without prejudice for failure to state a claim.  The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **ST. CLAIR COUNTY COURTHOUSE, ST. CLAIR COUNTY CLERK'S OFFICE,** and **MARIE ZAIZ** as parties in CM/ECF.

On or before **May 19, 2023**, Plaintiff is **GRANTED** leave to file a "First Amended Complaint." Should he fail to file an amended complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-02318-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces prior versions, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files an Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  April 19, 2023**

                                                              s/ J. Phil Gilbert  
                                                              **J. PHIL GILBERT**  
                                                              **United States District Judge**