IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY MITCHELL, #Y24395, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-02318-JPG |
| | ) |
| DANNY ALLEN, #539, | ) |
| ST. CLAIR COUNTY JAIL OFFICERS, | ) |
| ST. CLAIR COUNTY CLERK'S OFFICE, | ) |
| ST. CLAIR COUNTY COURTHOUSE, | ) |
| and MARIE ZAIZ, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of an Amended Complaint (Doc. 18) filed by Plaintiff Jeremy Mitchell under 42 U.S.C. § 1983 for constitutional deprivations arising from the seizure of his property in May 2021. *Id.* at 1-55. He seeks return of two 1894 gold coins and $7,360.00 for his 2010 Chevrolet truck. *Id.*

The Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Plaintiff sets forth the following allegations in the Amended Complaint (Doc. 18, pp. 1-55): Caseyville Police Detective Danny Allen, #539, seized Plaintiff's property on an undisclosed

1

date in an undisclosed matter. This property included two 1894 gold coins and a 2010 Chevrolet truck worth $7,360.00. The seizure was allegedly unlawful. *Id*.

Plaintiff received a Notice of Seizure and Intent to Forfeit $7,360.00 and two 1894 gold coins while detained at St. Clair County Jail on or around May 25, 2021. He attempted to file an answer and appear in both cases, *i.e.*, St. Clair County Case Nos. 21-FA-0036 (seizure case) and 21-MR-0141 (forfeiture case). However, St. Clair County Clerk of Court Marie Zaiz would not accept his answer without payment of an "answer filing fee." Clerk Zaiz also would not disclose the amount of the fee.[1] In addition, St. Clair County Jail Officers would not facilitate Plaintiff's appearance at the initial Zoom hearing in these matters. Following his non-appearance, a judge "signed off" on an Order Finding Probable Cause That Property May Be Subject to Forfeiture on June 10, 2021. *Id*. Plaintiff claims that the defendants violated his constitutional rights, and he seeks return of his property. *Id*.

## **Preliminary Dismissal**

Plaintiff names the St. Clair County Courthouse and St. Clair County Clerk's Office as defendants. According to § 1983, "[e]very ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. 42 U.S.C. § 1983 (emphasis added). The St. Clair County Courthouse and Clerk's Office are not "person[s]" under § 1983, so these defendants shall be dismissed with prejudice from this action.

## **Discussion**

Based on the allegations, the Court designates three counts in the Amended Complaint:

**Count 1:** Clerk Zaiz interfered with Plaintiff's access to the courts by refusing to accept his answer in St. Clair County Case Nos. 21-FA-0036 and

---

[1] The Clerk appears to have provided Plaintiff with an application for leave to proceed without prepaying the fee because the form accompanies the Amended Complaint as an exhibit.

                              21-MR-0141 without a filing fee and also failing to disclose the amount of the fee, in violation of his constitutional rights.

**Count 2:**    St. Clair County Jail Officers interfered with Plaintiff's access to the courts when they failed to facilitate his appearance at a Zoom teleconference in St. Clair County Case Nos. 21-FA-0036 and 21-MR-0141 on or around June 1, 2021, in violation of his constitutional rights.

**Count 3**:    Danny Allen unlawfully seized two gold coins and a 2010 Chevrolet truck from Plaintiff, in violation of the Fourth Amendment.

**Any other claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Counts 1 and 2

Detainees and convicted prisoners possess a fundamental right of "meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977); *Casteel v. Pieschek*, 3 F.3d 1050 (7th Cir. 1993). A claim for interference with court access arises when a plaintiff sets forth allegations establishing the following: (a) officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law;" and (b) plaintiff suffered "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds*, 430 U.S. at 828); *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994).

Plaintiff alleges that Clerk Zaiz interfered with St. Clair County Case Nos. 21-FA-0036 (seizure case) and 21-MR-0141 (forfeiture case) and caused him to lose his property, when she refused to accept his answers without a filing fee and would not disclose the filing fee amount. In a similar case, *Kinkaid v. Vail*, 969 F.2d 594 (7th Cir. 1992), the Seventh Circuit Court of Appeals

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

held that the clerk of court was entitled to absolute immunity for returning inmate complaints unfiled when accompanied by the wrong fee and filed in the wrong court. *Id*. The claims against the clerk were dismissed at summary judgment. Because this case is still in its early stages and the allegations suggest that the clerk may have interfered with Plaintiff's court access, the Court cannot dismiss Count 1 against Clerk Zaiz.

Plaintiff also claims that St. Clair County Jail Officers interfered with his access to the courts by preventing him from attending his initial hearing in the seizure and forfeiture cases. Section 1983 liability hinges on personal involvement in or responsibility for a constitutional violation. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff refers to none of the officers individually, and the allegations must at least suggest that each one was personally responsible for interfering with his court access. *Id*. To do so, Plaintiff could have identified each individual defendant in the case caption in generic terms, *e.g.*, Officer John/Jane Doe 1, Officer John/Jane Doe 2, *etc.*, and set forth allegations against each individual in the body of the Amended Complaint. He did not, however, so Count 2 shall be dismissed without prejudice for failure to state a claim for relief against this group of defendants.

## Count 3

The Fourth Amendment guards against unreasonable searches and seizures. U.S. CONST. Amend. IV. The reasonableness of a search or a seizure "within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case." *South Dakota v. Opperman*, 428 U.S. 364, 375 (1976). Plaintiff has not offered any facts to support his claim for an unlawful seizure of his property, and he cannot rely entirely on his conclusory assertion that the seizure was unlawful. Count 3 does not survive screening against Defendant Danny Allen, #539, and shall be dismissed without prejudice for failure to state a claim for relief.

**Disposition**

**IT IS ORDERED** that the Amended Complaint (Doc. 18) survives screening under 28 U.S.C. § 1915A, and **COUNT 1** will receive further review against Defendant **MARIE ZAIZ**.

**IT IS ORDERED** that **ST. CLAIR COUNTY COURTHOUSE** and **ST. CLAIR COUNTY CLERK'S OFFICE** are **DISMISSED** with prejudice; **COUNT 2** against **ST. CLAIR COUNTY JAIL OFFICERS** is **DISMISSED** without prejudice; and **COUNT 3** against **DANNY ALLEN, #539,** is **DISMISSED** without prejudice, all for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **ST. CLAIR COUNTY JAIL OFFICERS, ST. CLAIR COUNTY COURTHOUSE, ST. CLAIR COUNTY CLERK'S OFFICE**, and **DANNY ALLEN** as parties in CM/ECF.

The Clerk shall prepare for Defendant **MARIE ZAIZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 18), and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

The Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  10/4/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him or her with a copy of your Amended Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court now, unless specifically directed to do so.